# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| South Carolina Department of Social Services, ) ) | Civil Action No.: 1:17-cv-01418-JMC |
| Plaintiff, ) ) | |
| ) | **ORDER AND OPINION** |
| v. ) ) | |
| Samuel Capers, ) ) | |
| Defendant. ) ) | |

This matter is before the court pursuant to Magistrate Judge Shiva V. Hodges' Report and Recommendation ("Report") for *sua sponte* remand filed on June 9, 2017, recommending that the case be remanded to state court (ECF No. 8). Defendant Samuel Capers, proceeding *pro se*, filed an objection. (ECF No. 11.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report and Recommendation to *sua sponte* **REMAND** this action to state court (ECF No. 8).

## I. PROCEDURAL BACKGROUND

On May 31, 2017, Defendant filed a Notice of Removal that purports to remove a child support enforcement action from the Allendale County Family Court in Allendale, South Carolina, Case No. 2013-DR-0095.[1] (ECF No. 1.) Defendant alleges removal of the action "for a right to

---

[1] On June 23, 2017, Defendant filed a Motion to Amend his Notice of Removal. (ECF No. 12.) Federal Rule of Civil Procedure 15(a)(2) provides that a party may file an amended complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff did not provide a written consent, but the court finds that there is no undue delay, bad faith, or dilatory motive on the part of Defendant, nor is there any unfair prejudice suffered by Plaintiff if Defendant is given leave to file its Amended Complaint. Therefore, the court **GRANTS** Defendant's Motion to Amend his Notice of Removal (ECF No. 12).

1

review pursuant to 5 U.S.C. § 702 because the Allendale County Family Court is an administrative court that has injured and/or [is] in the process of injuring [him]." (ECF No. 12.) The federal questions that Defendant alleges in his removal are:

1. "Can a corporation or entity bring charges/suit(s) against an American National State Citizen?
2. Are the Orders of an Administrative Court enforceable?
3. Is Title 22 U.S.C §§ 611-612 still applicable in the United States?
4. Does a Court have subject matter jurisdiction when the party that it is suing does not have authority to sue (right standing to sue)?"

(*Id*.) Defendant also claims that the court has jurisdiction under diversity citizenship pursuant to the theory that his citizenship is one of a "private American National citizen" generally, but not of South Carolina specifically. (*Id*.)

On June 9, 2017, after considering Defendant's allegations, the Magistrate Judge issued a Report recommending that this court remand the case for lack of subject matter jurisdiction. (ECF No. 8.)

## II. LEGAL STANDARD

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Any party may remove a state court action to federal district court pursuant to 28 U.S.C. § 1441 where the state action would have been originally filed there. *See Darcongelo v. Verizon*

*Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). A case may be originally filed in a federal district court either under 28 U.S.C. § 1332 for diversity of citizenship and an amount in controversy greater than $75,000.00 or under 28 U.S.C § 1331 where it arises under a federal question. A federal court should remand the case to state court where no federal subject matter jurisdiction is evident from the face of the Notice of Removal or any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Courts of this circuit have held that removal statutes favor remand where possible and are construed against removal jurisdiction. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). Where subject matter jurisdiction is at issue, "courts are obligated to consider *sua sponte* issues." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III. ANALYSIS

The parties were advised of their right to file objections to the Report and Recommendation. (ECF No. 8 at 5.) On June 23, 2017, Defendant filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 11.) In his objections, Defendant essentially restates his position in his Complaint regarding his status as a "private American National citizen" and his alleged federal questions. (*Id.*)

Defendant seeks to remove a state child support enforcement action, but does not identify a viable basis for jurisdiction. To the extent Defendant seeks to remove this civil action under 28 U.S.C. § 1331, the essential allegations contained in the Complaint do not allege that the case is one "arising under the Constitution, laws, or treaties of the United States." *See Burgess v. Charlottesville Sav. And Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973) ("[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself.").

3

Although Defendant cites to federal statutes and acts to support the removal (ECF No. 1), Defendant offers no basis for how a family court child support action is a federal claim, and therefore, he fails to show that this case arises under federal law. Additionally, to the extent Defendant attempts to raise a defense to the child support action based on the listed federal statutes and acts, such defenses do not establish removal jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").

To the extent Defendant seeks to remove this civil action based on diversity of citizenship under 28 U.S.C. § 1332, a case may not be removed to federal court if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). As Defendant is a citizen of South Carolina (ECF No. 1), his action may not be removed under Section 1332.

### IV. CONCLUSION

Because removal of this case under federal question or diversity jurisdiction is improper, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). It is therefore ordered that the above listed case is **REMANDED** to Allendale County Family Court.
**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 19, 2017
Columbia, South Carolina